ELMORE T. REILLY, Respondent, *v.* WILLIAM CONNORS, Appellant.

*Damages — delay in completing work on a house — when it does not justify a claim for rent lost by reason thereof.*

In an action to recover for work done and materials furnished by the plaintiff in installing a heating apparatus in a house owned by the defendant, evidence that the defendant had intended to move out of the house which he occupied into the house where the heating apparatus was to be installed; that he had rented the house he lived in to a third party; that he was prevented from moving out of the house by reason of the plaintiff's delay in completing the installation, and that in consequence of such delay he had lost fifty dollars rent which he would otherwise have received from the person to whom he had let the house, is not admissible to establish a counterclaim, where it appears that no notice of the agreement to rent the house had ever been given to the plaintiff.

APPEAL by the defendant, William Connors, from a judgment of the Municipal Court of the city of New York, borough of Queens, in favor of the plaintiff, rendered on the 24th day of May, 1901, upon the verdict of a jury.

*John J. Trapp*, for the appellant.

*Eugene V. Daly*, for the respondent.

WILLARD BARTLETT, J. :

In this action the plaintiff has recovered the sum of $124 as a balance due for work done and materials furnished in the performance of an oral contract for installing a heating apparatus upon the premises of the defendant.

There was a sharp conflict of evidence as to the terms of the contract, the plaintiff contending that the defendant agreed to pay $550 for the work, and the defendant asserting that the total amount to be charged was only $500. The defendant also interposed a twofold counterclaim : (1) Alleging that he had been compelled to lay out $53.50 in order to finish a portion of the contract work which the plaintiff left uncompleted ; and (2) alleging that he had suffered damage in an additional sum of $50. The first item of the counterclaim was litigated, and upon that issue the jury must have found against the defendant. As to the second item, the defendant sought to prove that he had intended to move out of the house which he

occupied into the premises where the heating apparatus was to be installed; that he had rented that house to a third party; that he was prevented from moving out and giving possession to that third party by reason of the plaintiff's delay in completing the installation; and that in consequence of this delay he had lost $50 rent which he would otherwise have received from the person to whom he had let the house which he occupied. It appeared, however, that no notice of this agreement to rent had ever been given to the plaintiff; and the judge who presided at the trial, therefore, excluded all further evidence tending to establish this part of the counterclaim.

It is manifest that this ruling was correct. The alleged damages were too remote to charge the plaintiff unless he had special notice of the circumstances concerning the agreement to rent the defendant's house, so that the contract could be held to have been made in contemplation of those circumstances. "The damages for which a party may recover for a breach of contract are such as ordinarily and naturally flow from the non-performance. They must be proximate and certain, or capable of certain ascertainment, and not remote, speculative or contingent. It is presumed that the parties contemplate the usual and natural consequences of a breach when the contract is made; and if the contract is made with reference to special circumstances, fixing or affecting the amount of damages, such special circumstances are regarded within the contemplation of the parties, and damages may be assessed accordingly." (*Booth* v. *Spuyten Duyvil Rolling Mill Co.*, 60 N. Y. 487, 492.) This is the principle laid down in the celebrated English case of *Hadley* v. *Baxendale* (9 Exch. 341), that the damages must be such as were in the contemplation of the parties. In the numerous cases which might be cited, applying this principle to various sorts of contracts it has uniformly been held that where the damages claimed are of an exceptional character, growing out of special circumstances notice of those special circumstances must have been given to the party sought to be charged at the time when the contract was made in such a way as to enable the court to say that the possibility of a particular loss growing out of those circumstances was in the contemplation of the parties to the agreement.

There is no other question of law in the case. While there was a

square conflict in the testimony upon the issues of fact, a careful reading of the stenographer's minutes satisfies me that there is no ground for interfering with the verdict as against the weight of evidence.

The judgment should, therefore, be affirmed.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Judgment of the Municipal Court affirmed, with costs.